Hanson v. Crawley

JAMES F. HANSON, plaintiff in error, *v.* ROBERT CRAWLEY, defendant in error.

(Atlanta, June Term, 1870.)

ALTERATION OF NOTE — DISCHARGE OF SURETY — WHETHER ADDITION TO CONTRACT PART OF ORIGINAL AGREEMENT*—CHARGE OF COURT.—Where a promissory note, payable in money generally, and dated in November, 1865, was

---

*ALTERATION OF NOTE—DISCHARGE OF SURETY— WHETHER ADDITION TO CONTRACT PART OF ORIGINAL AGREEMENT.—See the same case affirmed in 51 Ga. 528.

Where all the parties intended to make a bond for $150,000 and such was in fact the contract, but by an accidental clerical omission it was written "one hundred and fifty dollars," and the payee immediately after the execution of the bond discovered the omission and inserted the word "thousand," this would not invalidate the bond but

signed by the principal and a security, and was delivered to the payee by the principal in the absence of the surety; but before the delivery, the principal, to induce the payee to accept it, added on the note a memorandum, signed by himself, that it was to be "paid in gold, gold having been the consideration": *held,* that whether the security was or was not released, depends upon whether or not the proof shows that the note was signed by him with the understanding it was to be paid in gold—since a mere reduction to writing, by the principal, of what was in fact the agreement of both the principal and security, at the time of the signing of the note, would not be a change of the contract.

*Held,* further, that it was error in the Court to charge the jury that such a memorandum did not release the security, in the absence of proof that he signed the note with the understanding it was to be paid in gold.

Principal and surety. Novation, etc. Before Judge Robenson. Morgan Superior Court. November Term, 1869.

Crawley sued Morrison, as maker, and Hanson, as security on the following paper:

"$650 00.  Twelve months after date, I promise to pay Robert Crawley, or bearer, six hundred and fifty dollars, for *value received of him, cash borrowed. November 17th, 1865.            J. J. Morrison,
                                    J. F. Hanson, Security.
"*I agree to pay the above in gold, having received it in gold.*
                                    J. J. Morrison.*"

Hanson defended, on the ground that said italicised words were, by Morrison, added to the note after it was signed by Hanson, and that thereby the contract was so altered as to make the note payable in gold, without his knowledge or consent.

The plaintiff read in evidence the note and closed. Hanson testified that Crawley was not present when he signed said note, that he had no interest in the matter, and signed only as security, and that said italicised words were added to it afterwards, and he knew not that they had been added, till this suit was brought.

Morrison testified to the same, as to the making of the note and said addition, and stated that it was his impression that it was illegal to make a note payable in gold, and that he told Crawley so before it was delivered, but as he, Morrison, was to pay it in gold, he added said words to it at his (Morrison's) own suggestion, and explained to Crawley why he made it, by telling him that he understood the Supreme Court had decided that a note payable in gold was void.

---

relief against such a mistake may be had in a court of law or equity. Jackson *v.* Johnson, 67 Ga. 167. On page 185, the court said: "If the securities signed the bond with the knowledge and understanding that the bond was to be for $150,000, if this is shown by competent testimony, the adding in the face of the bond the word 'thousand' by the principal and payee was not an alteration of the contract, since a mere reduction to writing of what was in fact the agreement of both principal and securities would not be a change of the contract."

In rebuttal, Crawley testified that the consideration of said note was equivalent to gold, and the note was to be made payable in gold, that when Morrison presented it to him it had not the italicised words on it and he refused to accept it, because it was not payable in gold by its terms; Morrison then told him that he understood the Supreme Court had decided as aforesaid, and that, for that reason, the note was not drawn payable in gold, but that all parties understood that it was to be paid in gold, and it would be; upon Crawley's suggesting that all parties might die, Morrison wrote upon the margin said italicised words, to perpetuate the evidence of said understanding, and then Crawley accepted the *note. He further testified that afterwards in conversing about said note Hanson asked him if it was not a gold note and he said it was, and Hanson said it would be paid. In reply to this last, Hanson denied having such conversation.

Certain other evidence was offered and rejected; for this see the motion for a new trial.

The Court charged the jury as to the liability of sureties, told them what was novation, etc., that a change in the contract by Morrison and Crawley, without the consent of Hanson, released Hanson, but that if said italicised words were simply a memorandum, reciting the consideration of the note and in what it was to be paid, then said words are not such a change of the nature or terms of the contract as would release the security, though made after he signed and without his knowledge or consent. The verdict was for the face of the note "in gold."

Hanson moved for a new trial, upon the grounds that the verdict was contrary to law, etc., because the Court refused to allow Hanson to testify as to whether he understood that the note was to be paid in gold or United States currency. and in rejecting a part of Morrison's testimony, in which he said Hanson must have known when he signed the note that it was payable in United States currency, because he was not told that it was to be paid in gold, that part of the agreement being solely between him (Morrison) and Crawley, and because the charge as to novation was irrelevant, and because the charge confined the jury to the contract between Crawley and Morrison to the exclusion of the contract with Hanson.

The new trial was refused, and that is assigned as error.

Billips & Brobson, for plaintiff in error.
A. G. Foster, for defendant.

McCAY, J.

Nothing is better settled than that any change of the contract, between the principal and the creditor, releases the security from his contract. The surety is only bound by the *contract he makes, and if that is so altered

between the principal and the creditor as that it has become a new contract, the right against the surety is gone, since it is the essence of his contract that he is only bound by its terms, and if the principal is not bound by the same terms, then the surety has no redress over.

Clearly, a contract to pay in currency, which it is admitted was the surety's undertaking, is different and less onerous than a contract to pay in specie. Clearly, also, as the contract now stands, between the principal and the creditor, the principal's contract is to pay in specie. Has the surety undertaken to pay in specie? By the words of the contract he has not. When, therefore, the principal agreed that his contract was to pay in specie, he agreed to a different contract from that made by the surety. In such a case, the authorities are uniform that the security is released from the whole undertaking.

Had the fact been, that the original contract was a specie contract, and the security knew it, and become security with that understanding, the mere fact that, under a mistake of the law, they left certain words out of the contract, which were afterwards put in by the principal, would not release the surety.

If the surety became surety knowing that he was becoming surety to a specie contract, then this memorandum is no change of the contract, of both principal and surety, as it was in fact made. But prima facie this was not a specie contract by the surety, and the making it such was a change of the contract as he made it. There is, it is true, some evidence that the surety knew it was a specie contract, though that evidence is by no means strong. The Court, however, by his charge authorized the jury to find for the plaintiff, if they believed the original contract between the principal and the creditor was a specie contract, entirely ignoring the necessity of showing that the surety knew this and became surety with that understanding. This, we think, was error.

To make the surety liable, after the parties have by mutual consent, without the surety's knowledge, put this memorandum *on the note, it must be shown, by competent testimony, that the surety signed the note with the knowledge and understanding that the debt was to be paid in specie.

Judgment reversed.