*Harwell, Fairman & Barrett,* contra.

---

15775. WATKINS MEDICAL CO. *v.* HARRISON, administrator, *et al.*

1. As a matter of law, any change made in an instrument after its execution, which is impliedly authorized by the signers of the instrument and which merely expresses what would otherwise be supplied by intendment, is immaterial.

2. The court erred in overruling the plaintiff's demurrer to the answer as amended; and all proceedings thereafter were nugatory.

    DECIDED MARCH 6, 1925.

Complaint; from Pierce superior court—Judge Summerall. June 5, 1924.

The J. R. Watkins Medical Company sued S. B. Goen, as principal, and J. R. Harrison and Wyley Carter, as sureties, upon a certain sale contract, the material parts of which, so far as this controversy is concerned, may be stated as follows: The company agreed to sell Goen from time to time, during a period extending from December 1, 1915, the date of the contract, to March 1, 1917, such articles of merchandise as it handled, and Goen promised to pay for such merchandise along as he bought it, "and at the termination of this agreement to pay the whole amount therefor then remaining unpaid, . . but such payments, or any of them, may be extended by the said company without notice to the sureties hereof;" and it was agreed that "this is the complete, entire, and

only agreement between the said parties, and that it shall not be varied, changed, or modified in any respect except in writing executed by the parties hereto." The contract concluded as follows: "The indebtedness due at the date of this 'agreement from the party of the second part to the party of the first part for goods and other articles sold and delivered to him as vendee, upon his order and request, is hereby mutually agreed to be the sum of seventeen hundred ninety-four and 02/100 dollars, which said sum and indebtedness the second party hereby promises and agrees to pay during the term of this agreement, and payment of which is hereby so extended." Here Goen and the Company signed the contract. Below their signatures appeared the following, signed by the sureties: "In consideration of one dollar in hand paid by The J. R. Watkins Medical Company, the receipt whereof is hereby acknowledged, and the execution of the foregoing agreement by said company, and the sale and delivery by it to the party of the second part, as vendee, of its medicines, extracts and other articles, and the extension of the time of payment of the indebtedness due from him to said company as therein provided, we, the undersigned sureties, do hereby waive notice of the acceptance of this agreement, and jointly, severally, and unconditionally promise and guarantee the full and complete payment of said sum and indebtedness and for said medicines, extracts and other articles, and of the prepaid freight and express charges thereon, at the time and place, and in the manner in said agreement provided."

Goen filed no defense, and a judgment was taken against him for $1,881.03, the full amount sued for. The sureties filed a plea admitting that they signed the contract, but asserting that, without their knowledge or consent, it was thereafter materially altered in two particulars: firstly, in that "$1,794.02," written above the contract, did not appear there when they signed it, but was placed there afterwards; and, secondly, that "seventeen hundred ninety-four and 02/100," appearing before the word "dollars," in the body of the contract, was not written in the contract when they signed it, but that the line whereon said words were written was blank and contained no written or printed sums or amount whatever, and that said words were inserted in the contract after they signed it. The plea further stated that said alterations were material and intentional, and were made by plaintiff, who claimed

an interest under said contract, for the purpose and with the intention of defrauding defendants out of $1,794.02. Plaintiff demurred to the plea as follows: "Said answer as amended does not show such alteration of the contract sued on as constitutes a defense to the suit of plaintiff in this case." The court overruled the demurrer, and the jury sustained the plea by finding for the plaintiff a verdict against the sureties for only $87.01. Plaintiff excepted pendente lite, and now excepts, to the overruling of this demurrer; and also excepts to the overruling of a motion for a new trial.

*S. F. Memory,* for plaintiff.

*Robert G. Mitchell Jr.,* for defendants.

LUKE, J. (After stating the foregoing facts.) The majority of the court think that the trial judge erred in overruling the plaintiff's demurrer to the amended answer of the sureties. While the said answer alleges that "$1,794.02," past indebtedness of Goen, was inserted in the contract after the sureties signed, it does not allege that the principal, Goen, was not due the plaintiff this amount at the time they signed the contract; and there is direct and positive evidence that he did owe the plaintiff this amount at that time. Neither does the answer deny that the contract contained the provision that the principal for whom the defendants were sureties was, "at the termination of this agreement, to pay the whole amount then remaining unpaid," whatever it might be. Neither does the answer deny that the surety clause, signed by the defendants, specified, as a part of the consideration for their signing, "the extension of the time of payment of the indebtedness due from him [Goen] to said company as therein provided." Since the entire contract contemplated that there was some past indebtedness, and that the sureties were liable for whatever amount might be due by the principal, and they "unconditionally promise and guarantee the full and complete payment" thereof, and since the correctness of the amount alleged to have been inserted in the contract is not disputed, the insertion of the correct amount, if made, was not a material alteration of the contract, according to its reasonable intendment at the time it was signed. Furthermore, under the particular wording of this contract, it might reasonably be held that when the sureties signed it and turned it over to the principal Goen, they impliedly authorized the insertion of the correct amount of

past indebtedness in the space provided therefor. In the case of Dr. Ward's Medical Co. v. Wolleat, 199 N. W. 738, the signers of a surety contract, similar to the one now under consideration, set up as a defense that the contract was materially altered by filling in the amount of the existing indebtedness of the principal, after the execution of the contract, and claimed that this alteration discharged them from liability on the contract; and the Supreme Court of Minnesota in that case said: "The correct amount thereof was inserted in the blank space. This being so, the legal effect of the contract was not disturbed, even though we may concede that its evidentiary effect was enhanced. The contract itself was not made to speak a different language in legal effect. Its identity was not lost. The amount inserted being correct, it could do no harm. Such is not a material alteration. The insertion of the correct amount did not in the least disturb the equilibrium of their legal liability arising out of the contract as they executed it." And in the case of Angle v. N. W. Life Ins. Co., 92 U. S. 330, it was held that "where a party to a negotiable instrument intrusts it to another for use as such, with blanks not filled up, such instrument so delivered carries on its face an implied authority to complete the same by filling up the blanks."

Since the court erred in overruling the demurrer to the answer as amended, all the further proceedings were nugatory.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

LUKE, J., dissenting. Boiled down, the controlling questions in this case are: (1) Was the alleged insertion of the words "seventeen hundred ninety-four and 02/100" in the contract a material alteration? And (2) if so, did not the sureties consent to it when they signed the contract and permitted it to be returned to the company?

"If a written contract be altered intentionally, and in a material part thereof, by a person claiming a benefit under it, with intent to defraud the other party, such alteration voids the whole contract, at the option of the other party. If the alteration be unintentional, or by mistake, or in an immaterial matter, or not with intent to defraud, if the contract as originally executed can be discovered and is still capable of execution, it will be enforced by the court." Civil Code (1910), § 4296. "The materiality of an alteration is a question of law; the fact of an alteration is a question

for the jury." Civil Code (1910), § 4297 "A material altera-
tion is one which changes the legal effect of the instru-
ment." 1 R. C. L. 966. In *Broughton* v. *West,* 8 *Ga.* 250, Jus-
tice Nisbet said: "Anything will be material, I take it, which
varies the rights and obligations of the parties in the minutest
particular." In the case of *Heard* v. *Tappan,* 116 *Ga.* 930 (43
S. E. 375), the instrument declared on, after setting out that
the debt was secured by certain property, read as follows: "This
is not to affect the papers now held against us by said payee, but is
for money, supplies, etc., furnished and to be furnished us the
present year, and also additional security for the amounts now due
by us to said payee, as appears from his books of account and
papers held by said payee against us, amounting at this date to
$325.00." The suit was against Ashley as principal, and Heard
as security. Judgment was taken against Ashley by default.
Heard swore that the figures 325 and the dollar mark were not
in the instrument when he signed it, and that had they been
inserted he would not have signed it. This evidence was con-
tradicted, and the jury found against him. The court held that
it was bound by the verdict of the jury as to the alteration; and also
said: "The alteration complained of by the answer of the defend-
ant was the addition of the figures with the dollar mark. We are
of the opinion that if such alteration had been made, it was a
material alteration." "Any change made in an instrument after
its execution, which merely expresses what would otherwise be sup-
plied by intendment is immaterial." 2 Corpus Juris, 1193. "When
a person occupies the position of a surety, the rule is especially
strict that he may insist on the very terms of his contract." 1 R.
C. L. 1175; Civil Code (1910), §§ 3543, 3544. The contract in
question provides for two distinct liabilities,—one to pay a past-due
indebtedness, the other to secure such future indebtedness of the
principal as he might contract during the term of the agreement.
The former was $1,794.02, and the latter, as shown by the evidence
and admitted by the parties, was $87.01. The form of contract
was evidently prepared by the company. The instrument would
have been perfectly good and binding upon all the parties had the
past-due indebtedness been entirely omitted. If, as the jury
found, the only place in the body of the contract for inserting any
past-due indebtedness was absolutely blank when the sureties

signed it, I think it could be said with better reason that they intended to assume only the future indebtedness than to conclude that they undertook to become liable not only for that, but also for the amount already past due. Nor do I think that the conclusion stated above is changed by the fact that the sureties signed the contract and allowed it to be returned to the company with the place for inserting the past-due indebtedness blank. "It is after all a mere question of assent" (1 R. C. L. 1013), and it would indeed be going far afield to assume such assent in the case of a contract like the one under consideration.

For these reasons I think the amended answer of the sureties set up a legal defense, and the court properly overruled the demurrer to it.