## 58093. BUSBY et al. v. SEA ISLAND BANK.

DEEN, Chief Judge.

Birdell and Annie Busby bring this appeal following the trial court's grant of a writ of possession to Sea Island Bank after a trial before a judge sitting without a jury.

A conditional sales contract was executed between appellants and Sonny's Mobile Homes on April 27, 1973, for the purchase of a mobile home. The cash price of the mobile home, including sales tax, was $6,483.45. Appellants made a down payment of $700.85. Although the contract shows that appellants declined credit life insurance, one copy of the contract shows that $525 was charged for credit life insurance. After the contract was executed, a member of seller's staff crossed out the $525 in the section entitled "credit life insurance" and entered the charge under "physical damage insurance" upon the seller's copy of the contract. Appellants were not notified of the alteration.

Appellant contends that it was improper for the seller to compute the finance charge by including the unauthorized physical damage insurance charge and the trial court erred in granting a writ of possession as appellee's default was cured by seller's violation of the Retail Installment and Home Solicitation Sales Act. (Code Ann. § 96-901 et seq.). *Held:*

The evidence shows that at the time of the purchase the seller explained to appellants that they had to cover the value of the mobile home with physical damage insurance or they could not buy it on credit, coverage was obtained by the seller, appellant received a copy of the policy and even filed a claim under it. Credit life insurance was also explained to appellants, but such coverage was rejected because they could not afford it and no insurance of this type was ever provided. We find that the trial court did not err in ruling that the charge made for property damage insurance was duly authorized and that the alteration of the contract did not void the contract.

For an alteration to void the instrument under Code Ann. § 20-803 ". . . three things must appear: The alteration must be material, it must have been made by a

person claiming a benefit under it, and it must have been made with an intent to defraud. Unless all three of these things appear, the contract as originally executed will be enforced . . ." *International Harvester Co. v. Davis,* 13 Ga. App. 1, 3 (78 SE 770) (1913). There is no evidence of an intent to defraud, and the evidence amply supports a finding that the alteration was made only to correct a typographical error.

As for appellant's allegation that it was improper to impose a finance charge upon the "inflated" balance and that such a violation triggers the forfeiture of interest provision of Code Ann. § 96-1008 (b), we find that the inclusion of the insurance charge was proper. Insurance costs and other authorized charges are properly included in the "unpaid balance" and are subject to the finance charge under Regulation Z, 12 CFR § 226.8(c). *Pitts v. Peoples Loan &c. of Rome,* 135 Ga. App. 38 (217 SE2d 181) (1975). While we agree with appellants' contention that *Harrison v. Goodyear Serv. Stores,* 137 Ga. App. 223 (223 SE2d 261) (1977) holds that the Installment Sales Act must be strictly construed, we do not find any violation in this case.

Accordingly, this judgment must be affirmed.

*Judgment affirmed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

SUBMITTED JULY 2, 1979 — DECIDED SEPTEMBER 4, 1979— REHEARING DENIED SEPTEMBER 20, 1979 —

*Lawrence J. Ringer, Philip L. Merkel, Elizabeth Coleman,* for appellants.

*Charles H. Brown, Susan E. Warren,* for appellee.