62253. HASKELL v. DOMAIN.

</div>

SHULMAN, Presiding Judge.

This is an appeal from a judgment declaring that appellant is not entitled to use any of his military service as "prior military service credits" for the purpose of determining his retirement benefits from the Employees Retirement System of Georgia. Appellant, who had 23 years of military service, contends that he is entitled by Code Ann. § 40-2504 (4) to 10 years' credit for military service. Appellee, the Director of the Employees Retirement System, contends that appellant falls within the exceptions to entitlement for prior military service credit and may not count any of his military service for purposes of his Employees Retirement System benefits. The trial court upheld the position of appellee, and we affirm that judgment.

1. The facts in this case were all stipulated and there is no question as to which statute controls. The only dispute is in the interpretation of the statute and the application of the facts thereto. Code Ann. § 40-2504 (4) provides in pertinent part as follows: "[A]ny member . . . who, prior to January 1, 1954, served on active duty in the armed forces of the United States, shall be entitled to credit for such active duty service . . . provided no service in the armed forces shall be deemed as creditable under any provisions of this Chapter if such service has or will be used in the determination of any member's eligibility for retirement benefits or allowances from any other State or Federal retirement program, excluding . . . those retirement programs covered under the provisions of Title 10 of the United States Code, Public Law 810, 80th Congress, as amended, with the further provision that this Chapter will not be prejudicial to any determination of creditable service made prior to the passage of this Chapter. It is not the intent of this subsection to authorize creditable service to any member who retired from active duty in the armed forces with a benefit or allowance, unless his benefit or allowance was entirely by reason of injury or disability, and who, without such injury

or disability, could not have otherwise qualified for a benefit or allowance."

We interpret that subsection, as applied to one in appellant's position, to mean that because his military service was used to determine his eligibility for a federal retirement program he is not entitled to credits for military service prior to January 1, 1954, unless he retired under the provisions of Public Law 810, 80th Congress, as amended, *and* his retirement benefit or allowance was entirely by reason of injury or disability, *and* he, without such injury or disability, could not otherwise have qualified for a benefit or allowance. Appellant contends that, notwithstanding the stipulated fact that he did not retire under the provisions of Public Law 810, 80th Congress, as amended, he is entitled to prior military service credits because his retirement was "entirely by reason of injury or disability." Unfortunately for appellant, the conjunctive nature of the requirements defeats his argument. It matters not that he retired entirely by reason of disability and it would not matter whether he could have qualified for retirement for any other reason: since he did not retire under the provisions of Public Law 810, 80th Congress, as amended, the use of his prior military service to determine his eligibility for the benefits he presently receives from a federal retirement program prohibits the use of that prior service for purposes of his state retirement.

2. Appellant is correct in his assertion that the trial court, in its judgment in this case, incorrectly identified the statute under which appellant retired. However, that error had no bearing on the decision since it was clear that the trial court recognized the crucial fact that appellant was not retired under the provisions of Public Law 810, 80th Congress, as amended. The error was harmless.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED OCTOBER 8, 1981 —
REHEARING DENIED OCTOBER 23, 1981 — 

*Peter J. Krebs,* for appellant.

*Arthur K. Bolton, Attorney General, Carl C. Jones, Assistant Attorney General,* for appellee.