## 38184. HASKELL v. DOMAIN.

SMITH, Justice.

We granted certiorari to review the opinion of the Court of Appeals in the case of *Haskell v. Domain,* 160 Ga. App. 145 (286 SE2d 755) (1981). We agree with the Court of Appeals that appellant Haskell, a retired state employee receiving benefits from the

Employees Retirement System of Georgia who also receives federal military retirement benefits, may not use his prior military service to obtain both federal retirement benefits and increased state retirement benefits. We therefore affirm. However, we cannot agree with the interpretation given to Code Ann. § 40-2504 (4) by the Court of Appeals.

The facts below were stipulated. After serving for over 23 years with the U. S. Army, appellant retired, by reason of injury or disability, on August 29, 1962, under the provisions of 10 USCA § 1201. He then worked for the State of Georgia for over 13 years, retiring from state employment on October 1, 1975. His total creditable state service was 17 years and 5 months (13 years and 4 months with the D.O.T. and 4 years and one month with the State Highway Department in the 1930's). Appellant now seeks to be given credit for 10 years of his army service[1] in determining his retirement benefits from the Employees Retirement System of Georgia.

Code Ann. § 40-2504 (4) provides in part as follows: "Anything in this Chapter to the contrary notwithstanding, any member, if otherwise eligible for prior service credits, who, prior to January 1, 1954, served on active duty in the armed forces of the United States, shall be entitled to credit for such active duty service, exclusive of reserve service, and not to exceed the limitations as elsewhere provided for in this Chapter, provided no service in the armed forces shall be deemed as creditable under any provisions of this Chapter if such service has or will be used in the determination of any member's eligibility for retirement benefits or allowances from any other State or Federal retirement program, excluding Social Security and those retirement programs covered under the provisions of Title 10 of the United States Code, Public Law 810, 80th Congress, as amended, with the further provision that this Chapter will not be prejudicial to any determination of creditable service made prior to the passage of this Chapter. It is not the intent of this subsection to authorize creditable service to any member who retired from active duty in the armed forces with a benefit or allowance, unless his benefit or allowance was entirely by reason of injury or disability, and who, without such injury or disability, could not have otherwise qualified for a benefit or allowance."

The dispute between appellant and appellee centers on the last sentence of the above quoted paragraph. Appellant contends that since his retirement was "by reason of injury or disability" he is

---

[1] Credit for "prior military service" is limited to 10 years by Code Ann. § 40-2504 (9).

entitled to prior service credits for his military service. Appellee contends that since appellant had over 20 years of service in the army, he could have retired pursuant to 10 USCA § 3911. Thus appellant could have otherwise qualified for a "benefit or allowance" and is not entitled to prior service credits for his military service.

The Court of Appeals held that appellant could only receive prior service credits for his military service if "he retired under the provisions of Public Law 810, 80th Congress, as amended, *and* his retirement benefit or allowance was entirely by reason of injury or disability, *and* he, without such injury or disability, could not otherwise have qualified for a benefit or allowance." *Haskell v. Domain,* supra, at 146.

Code Ann. § 40-2504 (4) is not a model of clarity. The last sentence of the first paragraph was added in 1972. Read alone, it would seem to clearly establish that credit towards state retirement for prior military service would not be allowed to one who had retired from the military unless, at a minimum, that retirement was due to injury or disability. However, the 1972 amendment did not remove from the Code the exception with regard to retirement under Public Law 810, which remains in § 40-2504 (4).

The Army and Air Force Vitalization and Retirement Equalization Act of 1948, Chapter 708 — Public Law 810, 62 Stat. 1081, (hereinafter P. L. 810) contains three titles, none of which pertain to retirement for injury or disability. P. L. 810 was repealed in 1956 but its substance was incorporated into a newly revised Title 10 of the U. S. Code which, unlike the previous Title 10, was enacted into positive law. Act of August 10, 1956, Ch. 1041, 70 Stat. 1126.[2]

The purpose of P. L. 810 was "to provide for the elimination of Regular Army and Regular Air Force officers and for the retirement of officers, warrant officers, and enlisted men of the Regular Army and the Regular Air Force, and to provide retirement benefits for members of the Reserve Components of the [Army, Air Force, Navy, Marine Corps, and Coast Guard]." 62 Stat. 1081, supra.

The substance of Title I of P. L. 810 may now be found in Chapters 359 (Separation from Regular Army for Failure to Meet Standards) and 859 (Separation from Regular Air Force for Failure to Meet Standards) of Title 10, USCA. The substance of Title II of P. L. 810 may now be found in Chapters 367 and 867 of Title 10

---

[2] Prior to the 1956 revision, Army and Air Force law was contained in Title 10 while Navy law was contained in Title 34. The legislative history of the 1956 Act is set out in pp. 413-434 of the final volume of Title 10 USCA (§ 8011 to End). The schedule of laws repealed is set out in pp. 363-411 of the same volume.

(Retirement for Length of Service). The substance of Title III of P. L. 810 (the only title applicable to all of the military services) may now be found in Chapter 67 of Title 10 (Retired Pay for Non-Regular Service.)[3]

Appellant retired under the provisions of Chapter 61 of Title 10 (Retirement or Separation for Physical Disability). Compliance with the standard enunciated by the Court of Appeals is not possible as one simply cannot retire under the provisions of P. L. 810 *and* retire *entirely* by reason of injury or disability.

We need not decide if one retiring from state employment after the 1972 amendment to Code Ann. § 40-2504 (4), who had previously retired under the provisions of P. L. 810, may still receive prior service credit for military service in view of the stated intent of the legislature in its 1972 amendment to limit "double dipping" by military retirees to those who retired by reason of injury or disability. Nor do we need to decide if anyone retiring from the military after 1956 can be considered to have retired under the provisions of a "Public Law 810, 80th Congress, as amended," which was repealed in 1956.

The dispute between the parties relates only to the last sentence of the first paragraph of § 40-2504 (4). We agree with appellee that since appellant had over 20 years service when he retired from the Army, he was "otherwise qualified for a benefit or allowance," and is therefore not entitled to use his military service twice, to obtain both federal retirement benefits and increased state retirement benefits.[4]

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 18, 1982 —
REHEARING DENIED JUNE 22, 1982.

*Peter J. Krebs,* for appellant.
*Carl C. Jones, Assistant Attorney General,* for appellee.

---

[3] Other provisions of P. L. 810 relating to pay grade entitlement on retirement, certain record keeping requirements, etc. may be found elsewhere in Title 10.

[4] Appellant never had a vested right to receive prior service credits for his military service. He was not entitled to such credit prior to the 1972 amendment because it is undisputed that he did not retire under the provisions of "Public Law 810, 80th Congress, as amended." Under our interpretation of the 1972 amendment, he is still not entitled to such credit.