68160. HADLEY et al. v. BOARD OF TRUSTEES OF EMPLOYEES RETIREMENT SYSTEM.

McMURRAY, Chief Judge.
In this declaratory judgment action, appellants, former employees of the State of Georgia, seek to use their military service as "prior military service credits" for the purpose of determining their retire-

ment benefits under the Employees Retirement System of Georgia. Based upon stipulated facts, the trial court issued a final order in which it determined that appellants cannot count their prior military service to ascertain the amount of their Employees Retirement System benefits. This appeal followed.

The appellants, Charles C. Hadley, Raymond M. Simms, Clifford E. Gilmore and Harold King, are retired former employees of the State of Georgia. Hadley retired in 1977 based upon 17 years of creditable service; Simms retired in 1973 based upon 10 years of creditable service; Gilmore retired in 1981 based upon 24 years of creditable service; and King retired in 1980 based upon 23 years of creditable service.

Each of the appellants also retired as warrant officers from the armed forces of the United States. Appellants Hadley and Gilmore retired from the United States Army under the provisions of 10 USC § 1293. Appellant Simms retired from the Army pursuant to 10 USC § 1305. Appellant King retired from the United States Navy under the provisions of 10 USC § 6331. All of the appellants retired from military service after 1956.

Appellants are presently receiving retirement benefits from the appellee, Employees Retirement System. In addition, appellants receive retirement benefits from the armed forces based upon their active service in the army or navy.

Appellants seek credit for their prior military service under the act governing the Employees Retirement System, specifically the provisions of the act set forth in OCGA § 47-2-96 (e) (Code Ann. § 40-2504 (4)). If such credit is given, the state retirement benefits of each of the appellants would be increased.

The Employees Retirement System allows credit for military service designated as "prior service." "Prior service" means any service allowable toward retirement which was performed by an employee before January 1, 1954, and this includes service in the armed forces. See OCGA §§ 47-2-1 (29), 47-2-96. Thus, under certain circumstances, military service performed prior to January 1, 1954, can be credited to an employee. No contributions are required from an employee in order to credit such prior military service. See OCGA §§ 47-2-1 (29), 47-2-96.

Whether an employee is entitled to receive credit for his prior military service depends upon whether he falls within the exclusions set forth in OCGA § 47-2-96 (e) (Code Ann. § 40-2504 (4)). In pertinent part, OCGA § 47-2-96 (e) provides: "No credit shall be granted for such service if that service has been or will be used to satisfy requirements for benefits or allowances from any other state or federal retirement program, excluding federal social security and retirement programs under Public Law 810, 80th Congress, as amended . . ."

Thus, in order to receive credits for prior military service, an employee must have retired pursuant to Public Law 810, as amended. *Held*:

Public Law 810 was enacted in 1948. It was repealed by Congress in 1956. At that time, as our Supreme Court observed, "its substance was incorporated into a newly revised Title 10 of the U. S. Code which, unlike the previous Title 10, was enacted into positive law." *Haskell v. Domain*, 249 Ga. 506, 508 (291 SE2d 509) (1982).

Appellants contend they retired pursuant to Public Law 810, as amended, since they retired under retirement provisions set forth in Title 10 of the United States Code. The essence of appellants contention is that the federal retirement statutes under which they retired constitute amendments to Public Law 810. We disagree.

Each of the appellants stipulated that he did not retire from military service pursuant to the provisions of Public Law 810, 80th Congress, as amended, although he was "otherwise eligible for retirement under that law." Moreover, a review of the statutes under which appellants retired demonstrates that they do not constitute amendments to Public Law 810.

Appellants Hadley and Gilmore retired under the provisions of 10 USC § 1293 which is a codification of a portion of the Warrant Officers Act of 1954, Public Law 379 of the 83rd Congress (68 Stat. 157). Appellant Simms retired pursuant to 10 USC § 1305. That Code section also codifies a portion of the Warrant Officers Act of 1954. An examination of the 1954 Warrant Officers Act makes it clear that it did not amend Public Law 810. Although both Public Law 810 and the Warrant Officers Act of 1954 make amendments to the Warrant Officers Act of 1941, and the 1954 Warrant Officers Act makes references to Public Law 810, it cannot be said that the 1954 Act amends Public Law 810.

We are also unconvinced that appellant King retired under a law which amended Public Law 810. Appellant King retired from the U. S. Navy pursuant to the provisions of 10 USC § 6331. This Code section codified a portion of the Veterans' Emergency Housing Act of 1946. Since it was enacted two years before the passage of Public Law 810, we fail to see how the Veterans' Emergency Housing Act constitutes an amendment to Public Law 810.

The first reference to Public Law 810 was made by our legislature in the 1960 amendment to the Employees Retirement System Act, Ga. L. 1960, pp. 1115, 1116. At that time, the language allowing an exclusion of "those retirement programs covered under the provisions of Title 10 of the United States Code, Public Law 810, 80th Congress, as amended," was added. Of course, as noted above, Public Law 810 was repealed four years earlier and its remains were incorporated in Title 10.

All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. *Thornton v. Anderson*, 207 Ga. 714 (64 SE2d 186) (1951). Thus, we must presume that the legislature was aware that Public Law 810 was repealed when reference was made to the federal statute in the Employees Retirement System Act. It follows that the legislature could have made specific reference to particular Title 10 provisions had it wished to do so. Instead, the legislature plainly determined that the only employees entitled to credit for prior military service were those who retired pursuant to Public Law 810, as amended. Since appellants did not retire pursuant to the provisions of Public Law 810, as amended, they are not entitled to receive credit for their prior military service in determining their state retirement benefits.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JULY 12, 1984.

*Peter J. Krebs, Linda C. Krebs*, for appellants.

*Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, Marion O. Gordon, First Assistant Attorney General, Carl C. Jones, Wayne P. Yancey, Senior Assistant Attorneys General*, for appellee.