70747. WHEELER v. McDONALD et al.
(334 SE2d 367)

CARLEY, Judge.

Appellant initiated the instant suit naming appellees as defen-

dants, and seeking damages for alleged devastavit of the estate of C. D. McCutchen, by F. Kelly McCutchen, deceased. The complaint further alleged that F. Kelly McCutchen was a successor executor and appellees are the co-executrixes of F. Kelly McCutchen's estate. Appellant also alleged the following: that the estate had included real property and a certain home; that F. Kelly McCutchen allowed the house to deteriorate; and that appellant is an heir at law of C. D. McCutchen. See generally OCGA § 53-7-167; *Bailey v. McAlpin*, 122 Ga. 616 (50 SE 388) (1905). At trial, following the close of appellant's evidence, the trial court granted appellees' motion for directed verdict. Appellant appeals.

1. Appellant enumerates as error a ruling by the trial court admitting a certain letter into evidence for impeachment purposes only. Appellant contends that the letter, which contains a prior inconsistent statement, should have been admitted as substantive evidence. See *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982).

The record reveals that at trial, appellant sought to introduce the letter into evidence solely and expressly for the purpose of impeachment. The trial court ruled that the evidence was admissible for impeachment purposes, and gave the jury limiting instructions. Appellant made no objection to the trial court's ruling, and did not request that the letter be admitted as substantive evidence. Appellant will not now be permitted to complain on appeal. See *Baranan v. Fulton County*, 250 Ga. 531, 534 (3) (299 SE2d 722) (1983); *Smith v. State*, 116 Ga. App. 45, 48 (3) (156 SE2d 380) (1967).

2. Appellant also enumerates as error the grant of appellees' motion for directed verdict. "A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. OCGA § 9-11-50 (a) [Cits.]" *Carver v. Jones*, 166 Ga. App. 197, 199 (3) (303 SE2d 529) (1983).

One ground advanced by appellees in support of their motion for directed verdict was that appellant had failed to prove damages. See generally *Saunders v. Smith*, 3 Ga. 121, 126 (1847). Our review of the record reveals that there was some evidence that prior to its sale, the home at issue was in need of repair. However, the record is silent as to the amount of repairs needed or the amount of the actual loss sustained by the estate. Compare *Weaver v. McCullar*, 150 Ga. 820, 823 (3) (105 SE 476) (1920). The only evidence of record addressing the subject is a letter which contains a hearsay estimate of cost to restore the home, which estimate was made sometime before the home was eventually sold. That letter, however, was admitted into evidence solely for impeachment purposes and, accordingly, is not substantive evidence of damages. See Division 1, supra.

Accordingly, we find that the evidence and all reasonable deductions therefrom, considered in a light most favorable to appellant, demanded a directed verdict in favor of appellees.

3. Appellees have moved for the imposition of damages for a frivolous appeal pursuant to OCGA § 5-6-6. Although we find no merit in appellant's enumeration of error, we cannot conclude that the appeal was totally frivolous or solely for purposes of delay. Accordingly, appellees' motion for the assessment of penalties is denied.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1985.

*Glen M. Vey*, for appellant.
*E. Crawford McDonald, Nancy E. Bradshaw*, for appellees.