## 71781. JOHNSTON v. BILL FANCHER & ASSOCIATES, INC.
(345 SE2d 144)

CARLEY, Judge.

Appellee-plaintiff Bill Fancher and Associates, Inc. (Fancher) brought suit, seeking to enforce the following agreement: "We, Ted M. Peters, Ivan D. Johnson, and W. G. Johnston, Jr., as princip[al] stockholders of General Economics Incorporated and as active corporate participants agree to stand behind all outstanding debts that may be incurred to the Eagle Signal *and Bill Fancher* Company as a result of orders placed to said company by General Economics Incorporated." (Emphasis supplied.) Named as defendants in the action were all three signatories to the agreement: Mr. Peters, Mr. Johnson, and appellant Mr. Johnston. Separate answers were filed and both Mr. Johnson and appellant subsequently filed separate motions for summary judgment. Each motion was based upon the assertion that the above-emphasized portion of the agreement, naming Fancher as a party thereto, had been added *after* execution and that this addition constituted a material alteration of the agreement as signed. Mr. Johnson's motion for summary judgment was granted. Appellants' motion, which was heard by a different judge of the State Court of Fulton County, was denied.

The case came on for trial before a jury. It was stipulated at the outset that Fancher's name had indeed been typed onto the face of the agreement after its execution by appellant and that this addition had been made by one of Fancher's employees. The evidence adduced at trial showed the following: The addition had been made in the presence of and with the knowledge and approval of Mr. Peters. Mr. Peters, having successfully negotiated a business arrangement on behalf of General Economics Incorporated, had assumed the responsibility of drafting the necessary agreement evidencing that arrangement. Because Mr. Peters was of the erroneous belief that the Eagle Signal Company and Fancher were "one entity," the agreement as it was originally drafted by him made no mention of Fancher. Thus, when appellant signed the agreement, it named only Eagle Signal Company. It was only when Mr. Peters took the signed agreement to Fancher that he learned that Eagle Signal Company and Fancher were in fact separate entities. Rather than require the execution of a new agreement, Fancher had merely secured both Mr. Peter's approval to make the addition to the original document and his initials on the agreement as thus amended.

The case was submitted to a jury. A verdict was returned in favor of appellee against both Mr. Peters and appellant. Appellant appeals from the entry of judgment on the verdict and from the denial of his alternative motion for judgment n.o.v. or new trial.

1. Appellant enumerates as error the denial of his motion for

judgment n.o.v. "[T]he standards for granting a motion for judgment n.o.v. are the same as those governing the direction of a verdict. [Cit.] 'Thus, the motion for judgment n.o.v. may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment. Where there is conflicting evidence, or there is insufficient evidence to make a "one-way" verdict proper, judgment n.o.v. should not be awarded. . . .' [Cit.] . . . [If] there was some evidence supporting the verdict and the contrary evidence did not demand a verdict for [appellant], the trial court did not err in denying judgment n.o.v. . . . [Cit.]" *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 159 (256 SE2d 916) (1979).

The applicable law of this State is that " '[i]f a party makes a contract in such a manner as is authorized by law, he has a right to object to being bound by any other.' " *Simons & Co. v. McDowell*, 125 Ga. 203 (1) (53 SE 1031) (1906). "Thus, a valid and completed contract can only be enforced against the maker in the form in which it was executed, and if such a completed instrument be intentionally, fraudulently, and materially altered by a person claiming a benefit under it, the alteration voids the whole contract, at the option of the other party. [Cits.]" *Atlanta Nat. Bank v. Bateman*, 21 Ga. App. 624 (2) (94 SE 853) (1917). "For an alteration to void the instrument under [OCGA § 13-4-1] '. . . three things must appear: The alteration must be material, it must have been made by a person claiming a benefit under it, and it must have been made with an intent to defraud. Unless all three of these things appear, the contract as originally executed will be enforced . . .' [Cit.]" *Busby v. Sea Island Bank*, 151 Ga. App. 412-413 (260 SE2d 485) (1979).

There is, in the instant case, no evidence whatsoever that the addition of Fancher's name to the agreement was effectuated with any intent to defraud appellant. However, this absence of any intent to defraud did not authorize a finding that Fancher was entitled to enforce the agreement. It only authorized a finding that the agreement is not totally void and that it may be enforced against appellant in the form that he *originally executed it*. See *Busby v. Sea Island Bank*, supra. "[T]he contract as originally executed will be enforced, if it can be discovered and is still capable of execution. [Cits.]" *Intl. Harvester Co. v. Davis*, 13 Ga. App. 1, 3 (78 SE 770) (1913). The contract, as originally executed by appellant, did not name Fancher as a party but only named Eagle Signal Company, a separate entity.

The only factual situation in which Fancher would be legally entitled to enforce the agreement against appellant would be if the addition of Fancher as a party was *not an alteration*, material or otherwise, of the original agreement. "If [appellant] signed [the agreement] with the knowledge and understanding that [it was to be in favor of Fancher], if this is shown by competent testimony, the adding in the

face of the [agreement] the word[s] ["and Bill Fancher"] by [Fancher's employee and Mr. Peters] was not an alteration of the contract, since a mere reduction to writing of what was in fact the agreement of [all parties] would not be a change of the contract." *Jackson v. Johnson*, 67 Ga. 167, 185 (1881). "To make [appellant] liable, after [Fancher's employee and Mr. Peters] have by mutual consent, without [appellant's] knowledge, put this [addition] on the [agreement], it must be shown, by competent testimony, that [appellant] signed the [agreement] with the knowledge and understanding that [Fancher] was to be [a party] thereto." *Hanson v. Crawley*, 41 Ga. 303, 306-307 (1870). See also *Hanson v. Crawley*, 51 Ga. 528 (1874). There is no competent testimony that, when appellant signed the agreement, it was with the knowledge and understanding that it would be in favor of any entity other than Eagle Signal Company. Compare *Watkins Medical Co. v. Harrison*, 33 Ga. App. 585 (126 SE 909) (1925); *Atlanta Nat. Bank v. Bateman*, supra at 624 (3). The evidence shows that, when the agreement was signed, none of the three signers, including Mr. Peters, was even aware of Fancher's existence as a separate entity from Eagle Signal. Moreover, we are cited to no evidence that, after the addition of Fancher's name to agreement, a copy of the agreement *with the addition* was given to appellant or that he was informed thereof. Compare *Jackson v. Johnson*, supra at 168 (7b). "[I]f the alteration of the [agreement] be considered a counter offer . . . to be either accepted or rejected by [appellant], some knowledge thereof would be required by [him] before any action by [him] could be considered as an acceptance or a rejection. The evidence . . . is lacking in this regard." *Broome v. Mut. of Omaha Ins. Co.*, 119 Ga. App. 443, 446 (167 SE2d 607) (1969).

Accordingly, there is no evidence which would authorize Fancher to enforce the agreement against appellant. Under the evidence, only Eagle Signal Company would have the right to seek enforcement as against appellant. To protect itself, Fancher should have required the redrafting and reexecution of a new agreement wherein it would have been named as a party. The trial court erred in denying appellant's motion for judgment n.o.v.

2. Remaining enumerations of error are moot by reason of Division 1.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 9, 1986.

*M. Van Stephens II*, for appellant.

*Gary W. Bross, Anthony Thomasson, Donald R. Foster*, for appellee.