73075, 73076. HARRELL et al. v. THOMPSON (two cases).
(356 SE2d 69)

BENHAM, Judge.

In 1983, appellants Harrell and Southern Diversified Properties filed several suits against appellee Thompson, seeking resolution of a dispute concerning the ownership of and authority to control AMC Realty Company. The decision in a related case may be found in *Thompson v. Bank of the South*, 172 Ga. App. 579 (323 SE2d 877) (1984). The various lawsuits were consolidated for trial, and the jury returned a verdict consisting of five parts. In four areas the jury found in favor of appellee Thompson and awarded her damages of $68,750 from each appellant; in the fifth part, the jury found that appellant Southern Diversified Properties owned 100% of the stock of AMC Realty. Subsequent to the jury's return of its verdict, the trial

court granted appellee's motion for directed verdict on appellants' claims against appellee. The trial court later granted appellee's motion for judgment notwithstanding the fifth part of the verdict, and found appellee to own 50% of the stock in AMC Realty. In Case No. 73075, appellants appeal from the judgment entered on the jury verdict; in Case No. 73076, appellants seek reversal of the trial court's entry of j.n.o.v. on the fifth part of the jury's verdict.

1. Appellant Harrell contends that the trial court erred in failing to direct a verdict in his favor on Thompson's counterclaim for malicious use of process and for malicious interference with her contractual relations with AMC Realty. Inasmuch as there is nothing in the record to indicate that appellant Harrell sought a directed verdict on appellee's malicious use of process claim, we are precluded from consideration of this enumeration. " 'Grounds which may be considered on appeal are limited to those which were urged before the trial court. [Cit.]' " *Cox v. City of Lawrenceville*, 168 Ga. App. 119 (1) (308 SE2d 224) (1983). While appellant Harrell did seek a directed verdict on the malicious interference claim, " '[a] directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. OCGA § 9-11-50 (a) [Cit.]' " *Wheeler v. McDonald*, 175 Ga. App. 785 (2) (334 SE2d 367) (1985). A brief recitation of salient facts is necessary to show that the evidentiary burden for the direction of a verdict was not met.

In support of her allegation that appellant Harrell had maliciously interfered with her contractual relationship with AMC Realty, Thompson showed that she had opened a bank account in order to carry on the business of AMC Realty without the interference of Harrell. Thereafter, the trial court issued an order denying Harrell's motion for temporary restraining order which sought to restrain Thompson from acting on behalf of AMC Realty. Disregarding the order, Harrell caused to be sent to all area banks a letter stating appellee was not authorized to do business on behalf of AMC Realty. The bank where appellee had opened AMC Realty's account received a copy of the letter and, acting upon its contents, froze the AMC Realty account. As a result, numerous checks were returned and Thompson's credit record was blemished. The trial court issued another order instructing Harrell not to interfere with Thompson's operation of AMC Realty. Despite receipt of this order, Harrell did not retract the letters sent to the area banks, nor did he retract articles with similar language which he had placed in the newspaper. The trial court issued still another order which demanded that Harrell retract any and all notices sent to appellee's purporting that Thompson lacked authority to act on behalf of AMC Realty. Harrell failed to comply with this order as well.

The above facts establish that the evidence and all reasonable deductions therefrom, considered in a light most favorable to appellant, did not demand a verdict in favor of appellant Harrell. Therefore, the denial of Harrell's motion for directed verdict was not error.

2. In their second enumeration of error, appellants contend the trial court erred in failing to dismiss appellee's counterclaim. The record is devoid of any motion to dismiss the counterclaim. "Inasmuch as there is nothing whatsoever in the record to support this contention, appellant[s'] enumeration is without merit." *Acker v. Jenkins*, 178 Ga. App. 393 (3) (343 SE2d 160) (1986).

3. Appellants next assert that the trial court erred in directing a verdict for Thompson on appellants' claims. The directed verdict in favor of appellee was not made until after the jury had rendered a verdict in her favor. This procedure was expressly approved in *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419 (249 SE2d 224) (1978), and error, if any, was harmless in light of the jury verdict for appellee. *Gibbs v. First Fed. &c. Assn.*, 161 Ga. App. 27 (3) (289 SE2d 1) (1982).

4. Appellants' fifth enumeration of error, entry of a judgment in favor of appellee based on the verdict of the jury, is deemed abandoned by appellants' failure to argue it. Rule 15 (c) (2) of the Rules of the Court of Appeals. *Brown v. Phillips*, 178 Ga. App. 316 (2) (342 SE2d 786) (1986).

5. The appeal in Case No. 73076 arises from the grant of j.n.o.v. to appellee. While the jury had returned a verdict finding that appellant Southern Diversified Properties owned 100% of the stock of AMC Realty, the trial court granted appellee's motion for j.n.o.v., concluding that appellee owned 50% of the stock of AMC Realty.

There was evidence presented at trial that, at one time, Southern Diversified Properties had owned all of the AMC Realty stock. Entered into evidence, however, were documents signed by appellant Harrell as president of Southern Diversified Properties reflecting the corporate decision to sell 50% of its stock in AMC Realty to appellee, and acknowledging that the sale had taken place. While Harrell testified that appellee was to receive 10% of AMC Realty stock, the documents he signed as president of Southern Diversified Properties belie his testimony.

Where a verdict for a party is demanded as a matter of law and the jury has returned an adverse verdict, the grant of a j.n.o.v. is not error. *National Property Mgt. &c. v. Pope*, 163 Ga. App. 713 (3) (295 SE2d 848) (1982). A j.n.o.v. may be granted where "there can be but one reasonable conclusion as to the proper judgment." *Johnston v. Bill Fancher & Assoc.*, 179 Ga. App. 67 (1) (345 SE2d 144) (1986). Since all the evidence led to the conclusion that appellee owned 50% of the stock of AMC Realty, the grant of appellee's motion for j.n.o.v.

was proper.

6. Appellee has moved for the imposition of damages for a frivolous appeal pursuant to OCGA § 5-6-6. Although we find no merit in appellants' enumerations of error, we cannot conclude that the appeal was totally frivolous or solely for purposes of delay. Accordingly, appellee's motion for the assessment of penalties is denied.

*Judgments affirmed. Deen, P. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED MARCH 17, 1987 —
REHEARING DISMISSED APRIL 2, 1987.

*Charles N. Center*, for appellants.
*Martin L. Ellin, William R. King*, for appellee.