### S90A0290. POTTER et al. v. HICKS et al.
(390 SE2d 850)

WELTNER, Justice.

1. The occupants of real property contend that the owners of the property placed them in possession under an agreement whereby the owners would deed the property to them upon the assumption by the occupants of an outstanding loan secured by the property. The occupants allege that they have been in continuous possession of the property, have paid all the installments on the loan for a period of 12 years, and have made substantial improvements to the property. They allege that they have been ready and willing to assume the loan obligation, but that the owner has refused to direct the lender to complete the steps necessary to effect such a transfer.

2. Upon the trial of the case, the trial court directed a verdict in favor of the owner, on the theory that the alleged contract was void for want of mutuality, and the occupants appeal.

3. The contract did not lack mutuality. *Brack v. Brownlee,* 246 Ga. 818 (273 SE2d 390) (1980).[1] Neither would a directed verdict be

---

[1] "Where there is no other consideration for a contract, the mutual promises must be binding on both parties, for the reason that only a binding promise is sufficient consideration for a promise of the other party. . . ." [Cit.] But "[w]here there is *any other consideration* for a contract so that each promise does not depend upon the

in order on the basis of a failure of performance by the occupants, inasmuch as there is no evidence in the record to which we have been directed that in any way contradicts the occupants' contention that they did everything in their power to comply with the terms of the agreement. *Harrell v. Thompson,* 182 Ga. App. 470 (356 SE2d 69) (1987).[2]

*Judgment reversed. All the Justices concur.*

DECIDED MAY 4, 1990.

*Joseph E. Willard, Jr.,* for appellants.
*Hatch, Johnson & Meaney, James A. Meaney III,* for appellees.

---

other for consideration, mutuality of obligation is not essential." [Cit.] (Emphasis supplied.) Mutuality is not required where there is consideration other than mutual promises. [Id. at 819.]

[2]
" 'A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. OCGA § 9-11-50 (a). [Cit.]' " [Cit.] [Id. at 471.]